UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRYON L. BRISCO, SR.,**

            **Petitioner,**

     v.                                 Case No. 2:21-cv-4359
                                          Judge JAMES L. GRAHAM
**EMMA COLLINS, Warden,**             Magistrate Judge Kimberly A. Jolson
  **Pickaway Correctional Institution,**

            **Respondent.**

## OPINION AND ORDER

      Petitioner Bryon L. Brisco, Sr. seeks leave to file a second petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Motion, ECF No. 1-1.) Petitioner seeks release from confinement imposed as part of the judgment of a state court in a criminal action. The case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus General Order 14-1 regarding assignments and references to Magistrate Judges. Further, Plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915(a) is GRANTED. (Doc. 1). Accordingly, it is ORDERED that Plaintiff be allowed to prosecute the action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. For the reasons that follow, the Undersigned concludes that the petition is second or successive pursuant to 28 U.S.C. § 2244 and Rule 9 of the Rules Governing Section 2254 Cases and must be transferred to the United States Court of Appeals for the Sixth Circuit.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner was convicted of the following crimes in the Franklin County, Ohio Court of Common Pleas on September 16, 2016: (1) reckless homicide; (2) murder; (3) involuntary manslaughter; (4) possession of weapon under disability; and (5) tampering with evidence (Petition, ECF No. 1-1, at PageID # 12.) On October 27, 2016, he was sentenced to 18 years to life in prison. (*Id*.) That judgment has already been the subject of a full round of habeas corpus proceedings. Petitioner filed a habeas corpus petition in the United States District Court for the Southern District of Ohio, Eastern Division, which was dismissed in full. *Brisco v. Pickaway Corr. Inst.*, No. 2:18-cv-1550, 2019 WL 1512543 (S.D. Ohio Apr. 8, 2019) (Smith, J.). Petitioner did not appeal that dismissal.

Petitioner filed the instant Motion and proposed petition on September 7, 2021, raising the following claims: (1) trial court failure to correct plain error; (2) failure to conduct an allied offense hearing; (3) double jeopardy violations; and (4) ineffective assistance of appellate counsel (Petition, ECF No. 1-1, PageID # 16, 29, 40, 54.)

## II.    LEGAL STANDARDS

With respect to the filing of second or successive habeas corpus petitions, 28 U.S.C. § 2244(b) provides as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

The issue for the Court to determine is whether the instant petition is a "second or successive application" within the meaning of § 2244(b).  If it is, then the Court must transfer it to the Sixth Circuit as an unauthorized second or successive application.  *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*).  If it is not, then the Court has jurisdiction to address the claims raised therein.  *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012).

The Supreme Court has made clear that not all petitions filed subsequent to a prior petition are "second or successive" applications within the meaning of § 2244(b).  *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007); *Steward v. Martinez-Villareal*, 523 U.S. 637, 642-43 (1998).  As a general rule, a petition targeting the same state court judgment challenged by a prior petition is a second or successive application.  *Burton v. Stewart*, 549 U.S. 147, 153 (2007).  That said, if a subsequent petition asserts claims that challenge the same judgment as a prior petition, the subsequent petition is _not_ "second or successive" if the claims are _newly ripe_.  In *Panetti*, the Supreme Court found that the petitioner's claim that he was mentally incompetent to be executed, raised for the first time in a subsequent petition, did not render the petition successive because that claim would have been unripe had the petitioner raised it in his prior petition.  551 U.S. at 947.  In *Slack v. McDaniel*, 529 U.S. 473, 478, 487 (2000), the Supreme Court held that a second-in-time petition was not successive within the meaning of § 2244(b) because the prior petition was dismissed as unexhausted.

3

### III. ANALYSIS

Petitioner concedes that the proposed petition pertains to the same conviction or sentence that was the subject of his previous petition (Motion, ECF No. 1, PageID # 1, citing Case No. 2:18-cv-1550). Moreover, a reading of his Petition and Motion together makes apparent that Claim One—plain error—is not an independent cause of action, but rather an explanation as to why Claims Two through Four are viable. (*Id.* at PageID # 2-3; Petition, ECF No. 1-1, PageID # 17-18). While Petitioner attempted to exhaust these claims in the Ohio state courts, he did so only after this Court dismissed his earlier petition as procedurally defaulted (*Brisco*, 2019 WL 1512543, at *1-2; Motion, ECF No. 1, at PageID #2). More importantly, the events giving rise to Claims Two through Four—failure to conduct an allied offense hearing, double jeopardy violations, and ineffective assistance of appellate counsel, respectively—appear to have occurred prior to Petitioner filing his initial petition. Petitioner does not argue that any of the factual predicates occurred after the filing of that initial petition. Nor does it appear from the Motion or Petition that the claims were unripe at the time of filing. *In re Wogenstahl*, 902 F.3d 621, 627 (6th Cir. 2018). Accordingly, the instant Petition must be considered second-or-successive, *id.*, and Petitioner must obtain authorization from the Sixth Circuit for this Court to have jurisdiction to review the claims raised therein.

### IV. CONCLUSION

For the foregoing reasons, the Petition is second or successive pursuant to 28 U.S.C. § 2244 and Rule 9 of the Rules Governing Section 2254 Cases. Accordingly, the captioned matter is transferred to the Sixth Circuit to determine whether Petitioner may proceed in this Court.

**IT IS SO ORDERED.**

Date: September 27, 2021                  s/ Kimberly A. Jolson
                                          KIMBERLY A. JOLSON
                                          UNITED STATES MAGISTRATE JUDGE